IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HERLANKA B. JONES,                       )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )       CASE NO. 2:24-CV-00506-BL-CWB
                                         )
ALABAMA BEVERAGE                         )
CONTROL BOARD, et al.,                   )
                                         )
    Defendants.                          )

**<u>ORDER</u>**[1]

Plaintiff Herlanka B. Jones filed a Fourth Amended Complaint on July 9, 2025. (Doc. 39). On October 9, 2025, the Magistrate Judge recommended that the court dismiss this action with prejudice because the Plaintiff's Fourth Amended Complaint ignores the court's repeated instructions and remains a shotgun pleading. (Doc. 45). The Plaintiff filed objections to the recommendation. (Doc. 48).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the

---

[1] The above-styled case was reassigned to the undersigned District Judge on November 12, 2025.

1

report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In her objections, the Plaintiff states that this action "should not be dismissed on the basis of its alleged status as a 'shotgun pleading.'" (Doc. 48 at 1). In the recommendation, the Magistrate Judge, relying on prior orders of the court, states

> Although the court was clear that "[Jones] should eliminate the incorporation of factual averments by reference" (Doc. 38 at p. 5) and stated unequivocally that "each count <u>must</u> include the factual allegations upon which the claim is based <u>without incorporating any paragraphs from other sections</u>" (*id*. at p. 6) (emphasis added), each count in the Fourth Amend[ed] Complaint nonetheless continues the same offending practice in defiance of those instructions[.]

(Doc. 45 at 5) (emphasis in original). The Plaintiff asserts that the court "should reject Magistrate Judge Bryan's finding that the complaint impermissibly incorporates prior factual allegations." (Doc. 48 at 2). However, the Magistrate Judge did not explicitly make such a finding in his recommendation. Alternatively, the court finds that the Magistrate Judge's reliance on the prior order of the court is akin to a finding that the Plaintiff failed to comply with court orders. The court notes that the Magistrate Judge has repeatedly instructed the Plaintiff to cure her deficient pleadings by noting that the prior amended complaints either "incorporate[d] by reference all of the preceding paragraphs" (doc. 33) or "incorporate[d] multiple paragraphs set out in a separate section" (doc. 38). Nevertheless, the court agrees that the Plaintiff's Fourth Amended Complaint does not impermissibly incorporate prior factual allegations such that it can be construed as a

shotgun pleading.[2]  While the Plaintiff's prior amended complaints would be considered shotgun pleadings due to referencing preceding paragraphs, the court finds that the Plaintiff has seemingly corrected that particular deficiency by making reference to certain paragraphs in her "factual allegations" section in each count rather than adopting the allegations of all preceding counts.  *See Weiland*, 792 F.3d at 1321.

In her objections, the Plaintiff states that "Magistrate Judge Bryan overly and erroneously relied on Plaintiff allegedly not clearly identifying the legal theory upon which each separate cause of action is based" and that "[a]ny additional mentions of other potential causes of action or sources of liability that are contained in the discussions of the complaint's counts should be ignored."  (Doc. 48 at 4).  In the recommendation, the Magistrate Judge states that "Count Two combines allegations of 'racial discrimination,' 'age discrimination,' 'harassment,' and 'violation of [Jones'] right to freedom of speech.'"  (Doc. 45 at 6).  Further, the Magistrate Judge states that "Count Four similarly purports to assert claims based upon 'race and age,' 'suppression of Plaintiff's right to free speech,' and 'retaliation for exercising her right to free speech'—again despite the court's plain instructions against so combining allegations."  (*Id*.).  The Eleventh Circuit has held that the "third type of shotgun pleading is one that commits the sin of not separating into a

---

[2] The Eleventh Circuit has held that the most common type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).  Further, the Eleventh Circuit has "condemned the incorporation of preceding paragraphs where a complaint 'contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor *counts*], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *Id*. at 1324.  (Emphasis in original).

different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23.  As such, the court agrees that, due to the Plaintiff combining allegations in at least two of her counts, the Fourth Amended Complaint constitutes a shotgun pleading.

The Plaintiff argues that "Magistrate Judge Bryan's criticism of Plaintiff bringing the age discrimination count and Title VII counts (Counts 3 and 4) against individual defendants, which is not legally viable … hardly makes Plaintiff's complaint a 'shotgun' pleading."  (Doc. 48 at 5).  However, the Magistrate Judge was merely citing his prior caution to the Plaintiff that such claims could not be asserted against an individual to show the Plaintiff's failure to comply with court orders.  In his recommendation, the Magistrate Judge cites to his May 8, 2025, order in which he cautioned the Plaintiff as follows:

> With respect to claims arising under the Age Discrimination in Employment Act and Title VII, Jones is reminded that the Eleventh Circuit "has held that neither of those Acts countenance individual liability."  *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (citing *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996)); *see also Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (explaining that individuals "cannot be held liable under the ADEA or Title VII").  Such claims instead lie only against an employer.  *See Mason*, 82 F.3d at 1009.

(Doc. 45 at 7) (citing doc. 33 at p. 6, n.4) (emphasis in original).  The court agrees with the Magistrate Judge's finding.  Count 3 of the Plaintiff's Fourth Amended Complaint is a claim of age discrimination in violation of 29 U.S.C. § 621 against Defendants Bibb and Stewart.  However, as alleged by the Plaintiff, Defendant Bibb is the Superintendent of the facility where the Plaintiff was employed, and Defendant Stewart is the Administrator of the Alabama Alcohol Beverage Control Board.  (*See* Doc. 39 at 2-3).  As such, the Plaintiff

cannot bring a claim against Defendants Bibb and Stewart because they are individual employees rather than the Plaintiff's former employer—Defendant Alabama Alcohol Beverage Control Board.  Similarly, Count 4 of the Plaintiff's Fourth Amended Complaint is a Title VII claim asserted against "all defendants," which, as the Magistrate Judge cautioned, is a claim that cannot be brought against individuals.  In her objections, the Plaintiff states that "[i]f [the claims are not legally viable], the individual defendants are not subject to liability and could be dismissed."  (Doc. 48 at 5).  However, while true, the Plaintiff has been afforded four opportunities to amend her pleading since the court cautioned her on November 18, 2024, that individuals cannot be held liable under Title VII.  (*See* Doc. 11 at 5).  Thus, the court agrees with the Magistrate Judge that "[s]uch blatant disregard for the court's directives, standing alone, is sufficient to support a dismissal considering the clear instructions given, the multiple opportunities to cure, and the express notice that 'the Magistrate Judge will recommend dismissal—either in whole or part—if any pleading deficiencies remain.'"  (Doc. 45 at 8) (citing doc. 38 at 6).  Therefore, because the Plaintiff has failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections, (doc. 48).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge and

**DISMISSES** this action **WITH PREJUDICE**[3] because the Plaintiff's Fourth Amended Complaint ignores the court's repeated instructions and remains a shotgun pleading.

All pending motions are hereby **DENIED AS MOOT**.

The court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 4th day of May, 2026.

_____
**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

---

[3] Rule 41(b), FED. R. CIV. P., "authorizes the dismissal with prejudice of an action for failure to obey a court order or a federal rule." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Based on the foregoing, the court agrees with the Magistrate Judge's finding that "Jones' repeated failure to comply with very specific and detailed instructions regarding her amendments constitutes a clear record of delay and/or willful contempt" and that "any lesser sanction than dismissal would not be appropriate under the circumstances." (Doc. 45 at 8 n.1).